UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
JUN 13 2025
KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| **OSHANE SPENCER** | ) |
| Plaintiff, | ) JURY TRIAL DEMANDED |
| | ) |
| v. | ) **1:25-CV-3331** |
| | ) Case No. |
| **EQUIFAX INFORMATION SERVICES, LLC** | ) |
| Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, OSHANE SPENCER, ("Mr. Spencer"), and complains of the Defendant, Equifax Information Services, LLC ("Equifax"), stating as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory damages and cost brought by Mr. Spencer against Equifax for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p.

3. Equifax is subject to the provisions of the FCRA and is subject to the jurisdiction of the Court.

4. Venue is proper in Clayton, County, Georgia because the acts complained of were committed and/or caused by the Defendant within County.

## PARTIES

5. Mr. Spencer is a natural person residing in Clayton, County, Georgia.

6. Mr. Spencer is a Consumer as defined by 15 U.S.C. § 1681a(c).

7. Equifax is a Georgia corporation, with a primary business address of 1550 Peachtree Street NW., Atlanta, GA 30309.

8. Equifax is a nationwide Consumer Reporting Agency ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet. As a CRA, Equifax is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS
### Mr. Spencer May 2025 Consumer Disclosure

9. On or about March 13, 2025, Mr. Spencer requested a copy of his consumer credit disclosure from Equifax. See Plaintiff's Exhibit A.

10. Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Mr. Spencer's request, Equifax was required to clearly and accurately disclose all information in Mr. Spencer's file at the time of his request, with the limited exception that his Social Security number may be truncated upon request.

11. Equifax provided Mr. Spencer with an electronic copy of his Consumer Disclosure via www.annualcreditreport.com.

### Missing Account Numbers and Incomplete Data Fields

12. Equifax's Disclosure omitted approximately 40-45 key data fields from the APPLE CARD – GS BANK USA account (ending in 0846), including the full account number, date of last payment, date of first delinquency, scheduled payment amount, actual payment amount, account type, and payment history, among others.

13. Equifax also provided an incomplete disclosure for the Credit Management Company collection account (ending in 21), omitting material identifying fields necessary for Mr. Spencer to verify or dispute the account accurately.

14. On information and belief, both data furnishers GS Bank USA and Credit Management Company reported these complete data fields to Equifax, and such information was within Equifax's files at the time of Mr. Spencer's request.

15. When Equifax sells or distributes consumer reports to third parties, it includes many of these omitted data fields, demonstrating that it has access to and control over the information and is capable of disclosing it when it so chooses.

16. By failing to provide a clear and accurate disclosure of the full account numbers and essential data fields for these two accounts, Equifax breached its duties under 15 U.S.C. § 1681g(a).

17. Without access to this information, Mr. Spencer was unable to understand, verify, or meaningfully dispute the content of his Equifax file, causing confusion and frustration.

18. Equifax's disclosures state that collections remain for up to seven years and negatively impact credit scores, yet provide insufficient information for the consumer to evaluate those items.

19. On information and belief, the omissions result from automated systems used by Equifax that suppress or exclude data fields when generating disclosures for consumers, particularly through www.annualcreditreport.com.

20. Equifax has been aware of this problem for years and has failed to remedy it, despite repeated disputes and regulatory attention.

21. Equifax's failure to disclose all information in Mr. Spencer's file—including complete account identifiers, dates, and history—violates the plain language of the

FCRA. See *Washington v. Equifax*, Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019) ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g.").

22. The FTC has confirmed that CRAs who omit or truncate account numbers from file disclosures do not technically comply with the FCRA. See FTC Advisory Opinion to Darcy (June 30, 2000), Plaintiff's Exhibit B.

23. Equifax's failure to provide full account numbers and critical data fields significantly impaired Mr. Spencer's ability to reconcile, challenge, or understand his credit data.

24. Mr. Spencer experienced emotional distress and frustration as a direct result of Equifax's omissions, as he was left guessing about the nature and accuracy of the accounts.

25. The omission of data was not accidental or isolated. Equifax's use of a standardized disclosure template caused these omissions, and the same systemic issue affects thousands of consumers.

26. Equifax's refusal to correct the problem despite awareness of its impact supports a finding of willfulness.

27. Mr. Spencer has a right under 15 U.S.C. § 1681j to obtain a free and complete disclosure of his file once per year. That disclosure must be full, clear, and accurate. Equifax failed to provide such a disclosure.

## EMOTIONAL AND INFORMATIONAL HARM

28. As a direct result of Equifax's failure to clearly and accurately disclose all of the information in his consumer file, including complete account numbers, payment history, and essential identifying data, Mr. Spencer experienced significant emotional and psychological distress. The incomplete and unclear nature of Equifax's disclosure left Mr. Spencer unable to determine whether the APPLE CARD – GS BANK USA and Credit Management Company accounts were accurately reported or disputable. This created substantial uncertainty about the state of his credit.

29. Mr. Spencer spent many hours trying to understand the Equifax disclosure, compare the accounts to his personal records, and research the meaning of the vague and missing fields. Despite his efforts, the lack of full information left him confused and unable to take any meaningful action. This prolonged confusion caused him to feel anxious, overwhelmed, and mentally drained.

30. The emotional impact was compounded by the amount of time Mr. Spencer wasted trying to make sense of the report, time that could have been used for work, family, or other responsibilities. The frustration of being left in the dark about such an important part of his life led to a decline in his mental well-being.

31. As a result, Mr. Spencer sought professional therapy to help him cope with the stress, anxiety, and emotional toll caused by Equifax's failure to provide the information he was legally entitled to receive.

32. These harms are real and measurable. Mr. Spencer suffered both informational harm, by being denied access to accurate and complete data, and emotional harm, which required therapeutic intervention. Equifax's conduct directly caused these damages.

## COUNT I – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (15 U.S.C. § 1681g(a))

33. Mr. Spencer incorporates all preceding paragraphs as if fully stated herein.

34. Equifax violated 15 U.S.C. § 1681g(a)(1) when it failed to clearly and accurately disclose all information in Mr. Spencer's file relating to the APPLE CARD – GS BANK USA account (ending in 0846) and the Credit Management Company collection account (ending in 21).

35. These omissions include, but are not limited to, the full account numbers, payment history, dates of first delinquency, dates of last payment, and other essential fields typically reported by data furnishers and maintained in Equifax's internal file.

36. On information and belief, this information was furnished to Equifax in Metro 2 format, the standardized data format used by furnishers to report credit information to consumer reporting agencies. Metro 2 includes detailed fields such as full account

numbers, payment status, balances, dates of delinquency, scheduled payment amounts, and monthly payment history, all of which are designed to ensure consistency and accuracy in credit reporting.

37. Equifax had this information in its possession at the time Mr. Spencer requested his consumer disclosure in May 2025. Despite this, Equifax failed to include the full and accurate information in the disclosure it provided to Mr. Spencer through annualcreditreport.com.

38. Equifax includes this same information in reports it provides to third parties, which further demonstrates that it had the data in its file and was capable of disclosing it to Mr. Spencer upon request.

39. Equifax knowingly and willfully provided Mr. Spencer with an inaccurate and incomplete consumer disclosure, despite having longstanding knowledge that these types of omissions have been identified and disputed by other consumers for years. Equifax was fully aware that withholding critical account data such as full account numbers, payment history, and delinquency dates would cause confusion, impair consumers' ability to verify their credit files, and expose them to further harm. Its failure to correct this known issue reflects a reckless disregard for Mr. Spencer's rights under the Fair Credit Reporting Act and a deliberate choice to prioritize operational convenience over legal compliance and consumer protection.

40. Equifax knowingly or recklessly withheld this information in violation of its statutory duty to provide a full and accurate file disclosure, making it liable for willful violations under 15 U.S.C. § 1681n.

41. Alternatively, Equifax acted negligently by omitting critical data from Mr. Spencer's disclosure, despite knowing it had received complete Metro 2 data from furnishers. Equifax is therefore liable under 15 U.S.C. § 1681o.

42. Mr. Spencer seeks actual damages, statutory damages of up to $1,000 violation and or per omitted data field in violation of 15 U.S.C. § 1681g(a)(1), punitive damages for Equifax's willful misconduct, and any other relief the Court deems just and proper.

WHEREFORE, Mr. Spencer respectfully requests that the Honorable Court enter judgment against Equifax for:

   a. The greater of statutory damages of $1,000 per incident and Mr. Spencer's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Mr. Spencer actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

   b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

   c. Costs pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

d.   Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Spencer demands a jury trial on all issues so triable.

Respectfully submitted on June 13, 2025, by:

*[signature]*

Oshane Spencer

2625 LoveJoy Crossing LN

Hampton GA 30228-5988 Clayton

oshane_spencer@yahoo.com

## ATTACHED EXHIBIT LIST

A.   Mr. Spencer Equifax Consumer Disclosure, May 14, 2025.

B.   FTC Opinion Letter.

Declaration In support of the complaint and Exhibits A-B